IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| SOUTHVIEW PLAZA, LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Case No. 11-0873-CV-W-ODS |
| ) | |
| CITIZENS BANK & TRUST COMPANY, ) | |
| ) | |
| Defendant. ) | |

ORDER AND OPINION (1) GRANTING PLAINTIFFS' MOTION TO DISMISS COUNT XIV WITHOUT PREJUDICE, (2) GRANTING PLAINTIFFS' MOTION TO REMAND, AND (3) REMANDING CASE TO CIRCUIT COURT OF CASS COUNTY, MISSOURI

Plaintiff seeks to dismiss Count XIV (Doc. # 9) and to have the case remanded to state court (Doc. # 10). Both motions are granted; all other pending motions will have to be addressed by the state court.

Plaintiffs' initiated this suit on August 1, 2011, by filing a sixteen count Petition. Count XIV asserts a federal claim under the Equal Credit Opportunity Act ("ECOA"). All count assert state-law claims. There is no diversity of citizenship because Plaintiffs and at least some Defendants are citizens of Missouri. Nonetheless, federal jurisdiction existed over the Petition as it was originally filed because of the ECOA claim, and the Court was permitted pursuant to 28 U.S.C. §§ 1367 and 1441(c). Plaintiffs now seek to dismiss the ECOA claim. Further, with the dismissal of the only basis for federal jurisdiction, they suggest the appropriate course would be to remand the case to state court.

The Court discerns no reason to preclude Plaintiff from dismissing the ECOA claim. The litigation is in its early stages; in fact, discovery has not even commenced. No party is prejudiced: even though the dismissal is sought to secure a remand to state court, this is not the sort of prejudice that should preclude allowing dismissal of a claim. Defendant expresses the fear that the ECOA claim will be added at a later time, but if

that happens Defendant can remove the case again.[1]  Defendant's request to file a counterclaim seeking a declaration that it did not violate the ECOA will not preserve federal jurisdiction because in the absence of complete preemption only a plaintiff's claims can give rise to federal jurisdiction.  Defendant is free to pursue this option in state court.

The request to dismiss Count XIV is granted, and Count XIV is dismissed without prejudice.  With the dismissal of the only basis for federal jurisdiction, the remainder of the case is remanded to Cass County Circuit Court.
IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 1, 2011                              UNITED STATES DISTRICT COURT

---

[1] A fear that a separate ECOA suit would be filed is also of little consequence. The issues in such a claim are markedly different from Plaintiffs' other claims, so there appears to be little prospect for duplication even if a separate suit were to be filed.

2